# MERCHANTS' DESPATCH AND AMERICAN EXPRESS COMPANY
## *v.*
## JAMES R. SMITH AND WILLIAM K. NIXON.

JUDGMENT—*evidence.* A judgment not supported by the evidence in the case is erroneous. Thus, where, in an action on the case against the American "Express company," "Merchants' Despatch," and certain individuals by name, the court gave judgment against the American Express company and the Merchant's Despatch, for the value of cases of plate glass which were shipped from New York to Chicago, and when there opened the glass found broken; and the evidence offered in the case, and under which the glass was shipped, was a bill of lading purporting to be issued by the Merchants' Despatch, without using the name or referring to the American Express company therein, and nothing in the record tending to show that the express company ever assumed any liability in regard to the carriage of the goods,—*held,* that, there being no proof tending to show the American Express company ever undertook the carriage of the glass, the judgment was unsupported by the evidence and was erroneous.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

The case is sufficiently stated in the opinion of the court.

Messrs. MCALLISTER, JEWETT & JACKSON, for the appellants.

Mr. JAMES L. STARK, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action on the case brought by Smith & Nixon against the American Express company, the Merchants' Despatch, and certain individuals by name. The defendants pleaded the general issue, and, on trial by the court, a judgment was rendered against the American Express company and the Merchants' Despatch. They bring the record to this court.

It appears that certain cases of heavy plate glass had been shipped from New York to the plaintiffs, and, when the cases were opened in Chicago, a part of the glass was found broken. The bill of lading under which the glass was shipped, and

which was offered in evidence by the plaintiffs, purports to have been issued by the Merchants' Despatch. The name of the American Express company is not used in the bill of lading, nor is any reference made to it. There is nothing in the record which, as the case comes before us, even tends to show that the American Express company ever assumed any liability in regard to the carriage of these goods. It is urged by counsel for the appellees that the American Express company and the Merchants' Despatch are merely different names for the same corporation, or that the latter is the name under which the former transports its heavy merchandise. The proof offered in support of this proposition is wholly insufficient to establish it, and the proposition itself is inconsistent with the case made by the plaintiffs upon the record. They have brought suit against the American Express and the Merchants' Despatch as distinct corporations, have declared against them and recovered judgment against them as such, and, in the absence of proof against the former, they cannot sustain the judgment against it by insisting that the Merchants' Despatch is liable, and that the two companies are really the same. The case is based upon the theory that the two companies are not the same. As the record now stands, we can only say, as above remarked, that there is no proof even tending to show that the American Express company ever undertook the carriage of this glass, and we must therefore reverse the judgment. If there is really no such corporation as the Merchants' Despatch, and the American Express does assume that name for the transaction of a certain portion of its business, then the suit should be dismissed as to the Merchants' Despatch, the declaration amended, and the proper proof made to charge the American Express.

The judgment is reversed and cause remanded, with leave to the plaintiffs to amend their declaration.

*Judgment reversed.*